VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 25-ENV-00102



| 8 Taft Street Notice of Violation |
|---|

## ENTRY REGARDING MOTION

Title:      Motion for Interlocutory Appeal (Motion: #9)
Filer:      William B. Towle, Esq.
Filed Date:      June 3, 2026

         Appellant's Opposition to Motion for Interlocutory Appeal, filed by Jason Struthers, pro se, on June 13, 2025

**The motion is DENIED.**

In this matter, Jason Struthers (Appellant) appeals a September 22, 2025 decision of the City of Essex Junction (City) Development Review Board (DRB) upholding a July 14, 2025 Notice of Violation (NOV) issued to Appellant regarding the cultivation of cannabis at his property located at 8 Taft Street, Essex Junction, Vermont (the Property).

On April 16, 2026, this Court issued a decision denying, in relevant part, Appellant's motion for summary judgment in which he argued that his use of the Property for cannabis cultivation constituted a preexisting nonconforming use. In re 8 Taft St. Notice of Violation, No. 25-ENV-00102 (Vt. Super. Ct. Envtl. Div. Apr. 16, 2026) (Walsh, J.) (hereinafter the April Decision). The Court concluded that cannabis cultivation was not prohibited in the Property's zoning district, the R-1 District, prior to a 2022 amendment to the City's Land Development Code (2022 LDC). The 2022 LDC prohibits "cannabis cultivator establishments" in the district. Id. at 8. Instead, the 2016 pre-amendment iteration of the LDC (2016 LDC) prohibited "agriculture" in the district. The Court concluded that this prohibition did not extend to Appellant's cannabis cultivation.

On May 22, 2026, this Court denied Neighbor Stephen Wille Padnos' (Neighbor) motion to reconsider the April Decision. See 8 Taft St. Notice of Violation, No. 25-ENV-00102 (May 22, 2026) (Walsh, J.) (hereinafter the May Decision). Neighbor, who submitted no filings prior to the April Decision, argued that the Court erred in its interpretation of 7 V.S.A. § 869 and the LDC when determining whether cannabis cultivation was allowable in the R-1 District prior to the 2022 LDC

effective date. The Court concluded that reconsideration was inappropriate as it relates to § 869 and its impact on this case because the Court had concluded that § 869 "was largely irrelevant" and instead "applied the rules applicable to zoning regulation interpretation to the LDC alone to reach its final determination." Id. at 4. As such, in the May Decision, after reviewing the April Decision and its § 869 analysis, the Court reiterated that "§ 869 did not direct any result in this NOV appeal . . . ." Id. The Court further denied Neighbor's motion to reconsider the April Decision's conclusions on the interpretation of the LDC because Neighbor did not present substantive grounds to do so. Id. at 5. For clarity, the Court again explained its reasoning underpinning the April Decision's conclusion on this zoning interpretation issue. Id. at 5–6.

Presently, Neighbor moves for leave to take an interlocutory appeal "from the Court's Entry Regarding Motion dated May 22, 2026, denying the Motion to Reconsider directed to the Court's April 16, 2026 Entry Regarding Motions . . . ." Motion at 1.[1]

## Discussion

When considering a motion for permission to take an interlocutory appeal, the Superior Court "must permit an appeal from an interlocutory ruling or order" if it finds that: "(A) the order or ruling involves a controlling question of law about which there exists substantial ground for difference of opinion; and (B) an immediate appeal may materially advance the termination of the litigation." V.R.A.P. 5(b)(1)(A)–(B). Although the order to be appealed must meet all criteria, "[t]he three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal." In re Pyramid Co. of Burlington, 141 Vt. 294, 302, (1982) (quoting 16 C. Wright, A. Miller, E. Cooper, & E. Gressman, Federal Practice and Procedure § 3930, at 156 (1977)).

### I.     Controlling Question of Law

It is within the Court's discretion to certify the controlling question of law on interlocutory appeal and doing so at the outset will help clarify the Court's analysis. Brown v. Tatro, 134 Vt. 248, 249–50 (1976). "A question of law is one capable of accurate resolution by an appellate court without the benefit of a factual record." Pyramid Co. of Burlington, 141 Vt. at 304. To determine whether

---

[1] While framed as a motion for an interlocutory appeal from the May Decision on reconsideration, Neighbor's motion attempts to raise issues that were decided by the April Decision. This is clear because no aspect of the motion takes issue with the Court's denial of the motion for reconsideration or the application of any of the reconsideration standards to Neighbor's request. Instead, it takes issue exclusively with legal conclusions made in the April Decision. It is unclear if the motion is timely under V.R.A.P. 5(b)(5). This is because, while the pending motion was filed with 14 days of the May Decision, the motion to reconsider was filed more than 14 days following the April Decision. Because the Court denies the motion on the merits, it need not rule upon this issue.

the question is "controlling," however, requires the Court to consider "the potential consequences of the order at issue." Id. at 303. The results of this determination fall along a spectrum. For example, an order that determines the ultimate outcome of litigation is certainly controlling. Id. An order may also "be 'controlling' if reversal would have a substantial impact on the litigation, either by saving substantial litigation time, or by significantly narrowing the range of issues, claims, or defenses at trial." Id.

Neighbor asserts two controlling questions of law justifying an interlocutory appeal. First, Neighbor largely asserts that the Court's interpretation of the 2016 and 2022 versions of LDC, and its ultimate determination that the 2016 LDC's definition of "agriculture" did not include cannabis cultivation (in part due to the 2022 LDC amendment), represents a controlling question of law. Second, Neighbor asserts that whether the Court's interpretation of 7 V.S.A. § 869 constituted an attempt "to retroactively introduce ambiguity into an ordinance term that was unambiguous when adopted" such that it does not comport with the Vermont Supreme Court's decision in In re Taft Street DRB & NOV Appeals, 2025 VT 27, is a controlling question of law.

The Court turns to the latter question first. The Court cannot certify this issue as a controlling question of law. The Court never interpreted § 869 in a manner to have any impact on the outcome of this case. To be clear: in the context of this appeal, this Court has consistently held that interpretation of § 869 does not impact the outcome of this matter in any way. The Court has attempted to communicate this fact to Neighbor on three separate occasions: in the April Decision, again in the May Decision, and in this Entry Order. Again, the Court concluded that a review of the "relevant law" cited by Mr. Struthers and the City in relation to the motion for summary judgment and to dismiss demonstrated that there was "nothing within statutory law that establishes that outdoor cannabis cultivation is a subset of or included within 'agriculture' for zoning purposes in every instance." In re 8 Taft St. NOV, No. 25-ENV-00102, slip op. at 8 (Vt. Super. Ct. Envtl. Div. Apr. 16, 2026) (Walsh, J.). As further explained in the May Decision:

> [T]he Court reviewed relevant statutory law cited by the parties and concluded that there was no specific requirement in statute that mandated a determination that outdoor cannabis cultivation was, or conversely, was not 'agriculture' for all municipal zoning purposes or in the 2016 LDC. In essence, the Court concluded that § 869 provided no specific guidance for determining whether the Property's use was prohibited "agriculture" or otherwise permitted or prohibited prior to the 2022 LDC. As a result § 869 was largely irrelevant.[] The Court then applied the rules applicable to zoning regulation interpretation to the LDC alone to reach its final determination.

8 Taft St. NOV, No. 25-ENV-00102, slip op. at 5–6 (May 22, 2026) (Walsh, J.).

Despite Neighbor's repeated assertions to the contrary, this Court must again inform Neighbor that it has never made any ruling that § 869 dictated any result in this case. The April Order's passing reference to cannabis and agriculture as "distinct" does not somehow invalidate the Court's remaining explanation and analysis concluding that § 869 is not relevant to this case, or alter the Court's repeated, explicit statements that it has reached no conclusion with respect to the meaning of the statute in this matter. As noted above, this Court has specifically concluded that § 869 <u>does not</u> dictate any result in this case. The Court fails to understand at this juncture how it could more clearly state this conclusion to the parties. Further, in concluding that § 869 provides no relevant guidance or result in this case, the Court similarly never has concluded, directly or by implication, that § 869 "introduced ambiguity" into the LDC, as Neighbor now asserts. The Court has never issued any ruling on this issue at any point in this litigation. Again, the Court's analysis turned on the effect of the 2022 amendment on the LDC.

Thus, the Court finds that Neighbor's argument that interpretation of § 869 is a controlling question of law must fail.

This leaves Neighbor's first proposed question of law: interpretation of the LDC. It is likely that the Court's conclusion that 2016 LDC's definition of "agriculture" did not include cannabis cultivation (in part due to the 2022 LDC amendment) is a controlling question of law. This is because this case hinges upon whether Mr. Struthers' use may be a preexisting nonconforming use. Were the Court's decision on this question of interpretation reversed, Mr. Struthers' use could no longer be recognized in this way, and would likely be prohibited. Thus, the Court finds that this is a controlling question of law.

Having found that Neighbor's first proposed controlling question of law rises to that threshold, the Court turns to the remaining factors. Likewise, because the second proposed controlling question of law does not meet that threshold, the Court need perform no further analysis.[2]

---

[2] The Court does note, however, it is apparent that Neighbor's second question would fail the remaining two factors of the analysis even if the Court had found the question to be controlling. First, there can be no "substantial grounds for difference of opinion" on a legal question that the Court did not answer. Second, interlocutory review of such a question cannot materially advance the termination of the litigation because it is not relevant to any of the Court's conclusions at this time and the Court has previously concluded that § 869 is not relevant to any aspect of the Court's analysis in this case.

## II.      Materially Advance the Termination of the Litigation

An interlocutory appeal "must have at least the potential to materially advance the termination of the litigation." Castle v. Shelburne Corp., 141 Vt. 157, 162 (1982)). "An interlocutory appeal is proper only if it may advance the *ultimate* termination of a case." Pyramid Co. of Burlington, 141 Vt. at 305. The Court must consider not only theoretical time saved, but also the time expended on appeal. Id. at 302, 305 (directing the Court "to consider the probable gains and losses of immediate appeal"). Additionally, in balancing this factor, the Court "must be mindful of this Court's well-established policy of avoiding piecemeal appeals." Id. at 305 (quoting Castle, 141 Vt. 157, 162 (1982)). While a reversal on this Court's interpretation of the LDC would reduce the time needed for trial, it would not result in the ultimate termination of this litigation. Mr. Struthers maintains that the LDC impermissibly zones cannabis cultivation out of town in violation of Title 7. He argues that there are insufficient properties within the PA District to support cannabis cultivation, such that limiting cultivation to that area effectively prohibits the use. In the April Decision, the Court denied summary judgment on the grounds that Mr. Struthers had not sufficiently met his burden of proving this claim. This claim would survive regardless of whether the Vermont Supreme Court reversed this Court's interpretation of the LDC.

Moreover, this case is set for trial by the end of the summer. At trial, the Court will take evidence on the limited issue of whether Mr. Struthers' cannabis cultivation use began prior to the effective date of the 2022 LDC and his remaining claim regarding the LDC's zoning of cannabis cultivation, generally, under Title 7. Given that prior rulings have resolved all of the other legal issues in this case, these limited factual issues remain. The parties expect trial to take one day. All of the parties have filed their dates of unavailability for trial through September 2026. Neighbor is the only party that asserts that any limited discovery is required for trial and most of that discovery appears to be obtaining records from the State Cannabis Control Board related to Mr. Struthers' licensing. At the May 4, 2026, status conference in this matter, the Court directed Neighbor to pursue discovery efficiently to ensure trial could be disposed of in total as anticipated. The Court reminds the parties that this appeal was filed in October 2025. This Court's disposition guidelines direct the Court to dispose of cases like these within 5 months of filing. The Court fails to see how certifying an interlocutory appeal at this late stagewhen the parties are well on their way to completion of all necessary discovery—will materially advance the termination of the litigation. Following adjudication of this case on the merits, any party may avail itself to an appeal to the Vermont Supreme Court, which may then adjudicate that final appeal on a complete basis.

### III. Substantial Grounds for Difference of Opinion

While it is clear that Neighbor and the Court have a difference of opinion on the interpretation of the LDC, the Court finds that there are not "substantial grounds" for the difference of opinion as would justify an interlocutory appeal.

"V.R.A.P. 5(b) does not supersede the trial court's authority and responsibility to decide difficult legal issues." Pyramid Co. of Burlington, 141 Vt at 306. In Pyramid, the Vermont Supreme Court recognized that "[t]rial courts should not be 'bashful about refusing to find substantial reason to question a ruling of law, even in matters of first impression.'" Id. (citing 16 Federal Practice and Procedure, § 3930 at 157 (footnote omitted). In that vein, when analyzing whether there are "substantial grounds for difference of opinion," "the court should place little stock in the vehemence of disagreeing counsel." Federal Practice and Procedure, § 3930 at 157 n.6 (criticizing Brunswick Corp. v. Chrysler Corp., 291 F.Supp. 117, 118 (D. Wis. 1968)). Further, interlocutory appeal "was not intended merely to provide review of difficult rulings in hard cases." United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966). "[It] was not designed to substitute wholesale appellate certainty for trial court uncertainty. . . ." Link v. Mercedes-Benz of N. America, Inc., 550 F.2d 860, 863 (3d Cir.) (en banc), cert. denied, 431 U.S. 933 (1977). The Vermont Supreme Court has recognized that "a standard consistent with the policy underlying this criterion would require a trial court to believe that a reasonable appellate judge could vote for reversal of the challenged order." Pyramid Co. of Burlington, 141 Vt. at 307 (citing 88 Harv.L.Rev. at 624). The dispute regarding interpretation of the LDC does not meet this standard.

Finally, it is important to place this question within the broader context of this Court's mandate. This case falls into one of the largest categories of cases that come before this Court—appeals of various municipal land use permitting and enforcement decisions. In those cases, as here, this Court is frequently tasked with determining whether a particular land use or aspect of a project complies with a specific municipal zoning regulation. Each town has its own municipal zoning regulations which are amended over time, and projects often vary from appeal to appeal. As a result, it is true in some sense that these interpretive cases present a "matter of first impression" before this Court. This is because each appeal requires us to interpret a regulatory provision that this Court is likely to have never previously interpreted and apply it to an equally unfamiliar set of facts. While the Court understands that Neighbor disagrees with this Court's interpretation of the LDC in this case, to conclude that such a disagreement meets the standard for an interlocutory appeal could mean that every appeal in which this Court is tasked with interpreting a disputed municipal regulatory provision

might qualify for an interlocutory appeal. There may well be cases where such an interpretation would present legitimate grounds for an appeal. While an appeal may be appropriate in some cases, to conclude so in this case would potentially mean that a significant portion of this Court's docket could be subject to such review. This would both set an inefficient precedent and subject straightforward Vermont municipal zoning cases to a significantly more rigorous appellate process.

## Conclusion

For the foregoing reasons, Neighbor's motion is **DENIED**. The Court will set this matter for a merits hearing to resolve the remaining aspects of the appeal.

Electronically signed June 17, 2026 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division